## Case No. 13,474.

### In re STOKES.

[1 Ben. 341.] [1]

District Court, S. D. New York. Aug., 1867.

ARMY—ENLISTMENT OF MINOR—EVIDENCE.

On a habeas corpus to inquire into the enlistment of an alleged minor, who had sworn, on his enlistment, that he was twenty-one years of age and upwards, evidence may be given as to whether he understood what he was swearing to.

[Cited in Seavey v. Seymour, Case No. 12,596; Re Davison, 4 Fed. 509.]

[In the matter of James Stokes, Jr., on habeas corpus.]

## Case No. 13,475.

### In re STOKES.

[1 N. B. R. 489 (Quarto, 130): 1 Am. Law T. Rep. Bankr. 122.] [2]

District Court, S. D. New York. April 17, 1868.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Reprinted from 1 N. B. R. 489 (Quarto, 130), by permission. 1 Am. Law T. Rep. Bankr. 122, contains only a partial report.]

## Case No. 13,476.

### In re STOKES.

[2 N. B. R. 212 (Quarto, 76).] [1]

District Court, S. D. New York. 1868.

BANKRUPTCY—DISCHARGE—DEBT CONTRACTED BY FRAUD.

Objection to discharge based upon the fact that the debt was contracted by fraud, is not good, for such debt will not be affected by the discharge.

In bankruptcy.

BLATCHFORD, District Judge. This case will stand for hearing on the specifications filed by the creditors, for whom Mr. Seixas appears. Either party may take further testimony before the register. The specifications filed by Richard Bell are insufficient.

[1] [Reprinted by permission.]

They go wholly to the fraud in contracting the debt to Bell, and, if true, the discharge will not affect that debt.