has performed this stipulation, amounts to nothing more than he furnished sixty-six or more laborers. Such an allegation is uncertain, unless it be construed to mean that he furnished sixty-six laborers and no more, as probably it should be, if issue were taken upon it. The allegation should be that the plaintiff, in pursuance of the contract, furnished so many men, or so many months' or days' labor. Again, no time is specified in the contract, in which the plaintiff is to furnish any number of laborers. True, it contains a stipulation that the defendant will return the laborers to Roseburg within three months from its date. But this is not an agreement by which the plaintiff became bound to furnish, and the defendant to pay for any number of laborers for the period of three months. This is another reason, why in this case a general averment of performance is insufficient.

Nor is it sufficient to allege that in pursuance of this contract, there became due the plaintiff a certain sum of money. If any money became due the plaintiff, it was in consequence of the furnishing by him of certain laborers to the defendant at a certain price per month, under the circumstances mentioned in the contract. Besides the price agreed upon varies—so much per month for common men, cooks and waiter boys, and so much for interpreters, and another sum for the plaintiff. In all these respects, the complaint is uncertain, so much so, that the defendant is not advised thereby as he should be, what number of months or days the plaintiff claims to have furnished labor worth $30, $40 and $45 per month, respectively. Of course, it is not necessary to specify the names of the laborers or the number of days' work each one did; the aggregate time of each class furnished is sufficient. In these respects the motion is allowed.

The complaint also contains an allegation numbered 5, in which damages are claimed for what is alleged "for a further breach of defendant's said contract," in failing to furnish transportation for the said laborers and their freight, as aforesaid. This is substantially a separate cause of action from that arising out of the alleged non-payment of the laborers'· wages, and should have been so pleaded. Oh Chow v. Hallett [Case No. 10,-469]. But this defect can only be reached by a motion to strike out.

The allegation is sufficiently certain, to enable the plaintiff to recover damages. If he has suffered any special damage by reason of the defendant's failure in this respect, as that he was required to pay such transportation himself, the facts must be alleged. Oh Chow v. Hallett, supra.

T. P. LEATHERS, The (MONTGOMERY v.). See Case No. 9,736.

TRABUE (SMITH v.). See Case No. 13,116.

TRACT OF LAND (UNITED STATES v.). See Case No. 16,535.

## Case No. 14,124.

### In re TRACY et al.

[2 N. B. R. 298 (Quarto, 98); 1 Chi. Leg. News, 123.] [1]

District Court, S. D. New York. Dec. 23, 1868.

BANKRUPTCY—DISCHARGE—OPPOSITION—FIDUCIARY DEBT.

On a specification in opposition to a discharge, setting forth that a debt due by bankrupts. was created while they were acting in a fiduciary character. *held*, that the fact was no ground for withholding discharge.

[In the matter of the discharge of William W. Tracy, James Wilson, Thomas J. Strong, and Joseph U. Orvis.]

BLATCHFORD, District Judge. The specification filed by Sarah J. Irwin, executrix, is only to the effect that the debt due to her by Tracy and Wilson, was created while they were acting in a fiduciary character. This is no ground for withholding a discharge. She must show the fact in reply to a plea of the discharge in a suit on her claim.

TRACY (CADLE v.). See Case No. 2,279.

TRACY (FANSHAWE v.). See Case No. 4,-643.

## Case No. 14,125.

### TRACY v. JANISCH.

[Cited in Goldmark v. Kreling, 25 Fed. 357. Nowhere reported; opinion not now accessible.]

## Case No. 14,126.

### TRACY v. SCOTT.

[4 Cranch, ·C. C. 250.] [2]

Circuit Court, District of Columbia. Oct. Term, 1832.

APPEALS—DISTRICT OF COLUMBIA—SEPARATE COUNTIES.

Appeals from the orphans' court of the county of Alexandria, D. C., are governed by the same rules as in the county of Washington. and must be taken within the time limited by the Maryland testamentary system (chapter 15, § 18).

[This was an action by R. M. Scott, administrator of Tracy, against Tracy.]

Appeal from the orphans' court of Alexandria county, District of Columbia. but not taken within the time limited by the Maryland testamentary system (chapter 15, § 18), which is in force in Washington county.

---

[1] [Reprinted from 2 N. B. R. 298 (Quarto, 98), by permission. 1 Chi. Leg. News, 123, contains a partial report.]

[2] [Reported by Hon. William Cranch, Chief Judge.]