### In re THOMAS.

(District Court, S. D. Iowa, Central Division. April 3, 1899.)

#### No. 531.

**1. BANKRUPTCY—DISCHARGE—SPECIFICATIONS IN OPPOSITION.**
    A discharge in bankruptcy will not be postponed or refused on speci-fications in opposition which merely allege the creditor's belief that the bankrupt owns property which he is concealing, and has not listed in his schedule, since creditors have full opportunity to ascertain the facts in relation to such property by examination of the bankrupt.

**2. SAME—BURDEN OF PROOF.**
    The bankrupt's application for discharge will not be denied unless cred-itors opposing the same allege and prove one of the statutory grounds for withholding the discharge. The court will not refuse to discharge the bankrupt on grounds not specified or proved by creditors.

**3. SAME—GROUNDS FOR REFUSING DISCHARGE—FRAUD.**
    It is no ground for refusing to discharge a bankrupt that the debt of the opposing creditor was created by the fraud of the bankrupt.

In Bankruptcy. Application of bankrupt for discharge. On cer-tificate of S. S. Ethridge, Esq., referee in bankruptcy.

L. L. Mosher, for bankrupt.
Anna Harding, pro se.

WOOLSON, District Judge. Application having been duly made for discharge of the bankrupt, and referred to the proper referee, notice was duly given to creditors of time fixed for filing written appearance in opposition to the discharge. Within the time so fixed, one creditor (Anna Harding, of Indianola, Iowa) filed with the ref-eree certain specification of grounds in opposition to discharge. Briefly stated, these grounds were: That in 1893, she lent to the bankrupt $100, taking his note therefor; note to mature in one year. After the debtor's repeated refusals to pay the debt, this creditor put the note into judgment, viz. in April, 1895. "That since the exe-cution of said note said Thomas purchased a homestead in Indianola, Iowa, and, to avoid the payment of this and other debts, had the deed to said property executed to his wife. That he is now occupying said property as a home for himself and family, and in the enjoyment

of the luxuries of life in a home secured with funds received in part from your petitioner." The grounds of opposition to discharge, a part of which are quoted above, close with the expression of the creditor's belief that the bankrupt now has sufficient funds to pay her said claim against him, and that he is asking discharge for the sole purpose of avoiding payment of his honest debts, which he is abundantly able to pay.

With reference to that portion just summarized of the stated grounds, it is sufficient to say that the mere belief of the creditor cannot postpone granting the discharge. The present bankruptcy statute affords abundant opportunity for examination under oath of the bankrupt, touching every material phase of his rights and interests in property, so that the creditor is able to obtain the sworn testimony of the bankrupt in all these matters; and one ground for refusal to grant discharge is—section 14, b (1)—that he has committed the offense of—section 29, b (2)—making "a false oath in or in relation to any proceeding in bankruptcy." If the facts were as claimed, as to the bankrupt having property not scheduled, and the bankrupt had so testified on his examination, the trustee should have pursued the interest of said bankrupt, and brought its proceeds into the estate. If, with the facts as claimed, the bankrupt had testified otherwise, such false oath could successfully have been used to prevent his discharge. But no ground of opposition to discharge is herein based on a false oath.

Section 14, paragraph b, makes it the duty of the judge to grant the discharge, provided the requisites as to notice, etc., have been observed, unless one of the two grounds in said paragraph stated is proven. The duty of proving that such ground exists is on the opposing creditor. Where the grounds are duly specified, and, if proven, would prevent discharge, the judge will fix time and place of hearing. But the judge neither seeks to discover grounds, nor supplies lack of specification. "He shall discharge, unless," etc. The grounds here specified are (1) obtaining the loan of money under promises not performed, etc.,—in substance, that the debt was created by fraud; (2) that the bankrupt has an interest in the homestead standing in the name of the wife; and (3) belief of creditor that bankrupt has property with which, if he would, he might pay the claim.

That the debt was created by fraud of the bankrupt, if such be the case, is not a ground for refusal of discharge under the statute. Section 17 provides that from debts so created a discharge does not release the bankrupt. And, when the discharge is pleaded as a defense to the enforcement of such debt, proof that the debt was so created makes the discharge inoperative against it. But the statute does not justify withholding the discharge therefor. Collier, in his excellent treatise on Bankruptcy, says (page 135):

"A discharge can be refused only because the existence of one of the two grounds mentioned in this section is established, or else because it is shown that the court has no jurisdiction. The mere fact that the only debt is one which the discharge will not affect—for instance, that it was due from the debtor in a fiduciary capacity, or was created by his fraud—is no reason for refusing the discharge. The question how the discharge affects particular

debts is to be determined thereafter by the court in which the bankrupt may be sued upon the debt, should the bankrupt in that suit interpose the discharge as defense. In re Elliott, 2 N. B. R. 110, Fed. Cas. No. 4,391; In re Rathbone, 1 N. B. R. 324, 2 Ben. 138, Fed. Cas. No. 11,580; In re Rosenfield, 1 N. B. R. 575, Fed. Cas. No. 12,058; In re Wright, 2 N. B. R. 41, Fed. Cas. No. 18,070; In re Stokes, 2 N. B. R. 212, Fed. Cas. No. 13,476; In re Tracy, 2 N. B. R. 298, Fed. Cas. No. 14,124; Chapman v. Forsyth, 2 How. 202."

As to the other grounds attempted to be specified herein, the specifications do not state grounds here available, under the condition of the estate. As before stated, abundant opportunity has been given for examination of the bankrupt at the first meeting of creditors, and at the time fixed for filing appearance in opposition to discharge. The creditor did not avail herself of these, and no facts are specified which will justify refusal of discharge, under the statute. Therefore the objections to discharge, as specified, must be overruled, and discharge granted.