## In re ROYAL.

(District Court, E. D. North Carolina. January 27, 1902.)

1. BANKRUPTS—DISCHARGE—SUCCESSIVE APPLICATIONS.
   A bankrupt is not entitled to file a second petition for a discharge when his first petition is denied after investigation on the merits.

2. SAME—RIGHT TO DISCHARGE—PRESUMPTIONS.
   The court will not seek for grounds to refuse the discharge of a bankrupt, unless properly presented by the parties, but, if no objection is made, will presume that it should be granted.

3. SAME—REHEARING—REFEREE'S FINDINGS—CONCLUSIVENESS.
   Where objections are interposed to the discharge of a bankrupt, and the case is heard, and the discharge refused on facts found by a referee, to whose findings no objections have been filed, the findings are conclusive, and the cause will not be reheard on allegations that they may be disproved if the cause is reopened and another reference made.

In Bankruptcy.

W. R. Allen, for petitioner.

PURNELL, District Judge. This case was heard at Wilmington in October, 1901, on what was then certified by the referee as the facts in the premises. Counsel were understood to concede the facts as then stated to be true, and later the question of the right of petitioner to a discharge was maturely considered and duly decided. A discharge was refused. A petition is now filed asking for a rehearing, alleging that petitioner did not have the amount of money ($109.38), or any other amount, to his credit in bank which was omitted from his schedules. No newly-discovered testimony is set out. It is simply alleged that what heretofore appeared were to all intents and purposes conceded to be the facts are not facts, but may be disproved if the cause is reopened and referred to the referee to take further testimony. Since the former decision of this cause ([D. C.] 112 Fed. 135) the matter has been before a grand jury on a bill of indictment drawn by the United States attorney, and that body ignored the bill,—indorsed it, "Not a true bill." This only proves that body did not have sufficient testimony before it to make out a prima facie case. It is as important in bankruptcy proceedings as in any other that parties should deal fairly with the court, and there should be an end of litigation. Petitioner was fully heard before the referee, to whose findings of fact he filed no exception, as required by the rules of practice, and before the judge of the district, represented on both occasions by able counsel. Having filed no exceptions, he risked his case on a finding of facts which he and his counsel thought en-

titled him to a discharge from all his debts. The matter was fully argued, and after mature consideration the court was constrained to decide against him,—refuse a discharge. This should end the matter. A bankrupt is not entitled to file a second petition for discharge when his first petition is denied after investigation of its merits. In re Brockway (C. C.) 23 Fed. 583. The petition is, in effect, a second application or petition for a discharge. Petitioner has had his day in court. When not otherwise provided in the act the equity rules govern. Exceptions to findings of fact by a referee who is a special master, under district rules in proceedings for a discharge, must be filed in accordance with equity rule 83, as construed by the supreme court. Upon newly-discovered testimony, excusable neglect or oversight, the court might grant a rehearing. It is discretionary, even if the court is justified in exercising such discretion, of which no opinion is now expressed. In the case at bar there is nothing which would justify the exercise of such discretion. Proceedings in bankruptcy must be orderly, and according to the rules of court. The court will not seek for grounds to refuse a discharge unless they are properly presented by the parties. In re Schuyler, Fed. Cas. No. 12,494; In re Rosenfeld, Fed. Cas. No. 12,057; In re Frey (D. C.) 9 Fed. 376. If the parties do not object, the court will presume they consent, or that no reason exists for not granting a discharge. But when objections are interposed, the case heard on facts found by a referee, to whose findings of fact there is no objection filed, the finding of fact is conclusive (equity rule 83); and, when the cause is decided on such facts, then it is a final disposition of the cause.

Petition dismissed. Rehearing refused.