## In re WHITNEY.

### (District Court, D. Massachusetts.    May 3, 1918.)

### No. 23513.

1. BANKRUPTCY ☞404(1)—DISCHARGE—FAILURE OF CREDITORS TO OBJECT.
    Under Bankruptcy Act, § 14 (Comp. St. 1916, § 9598), the grant of discharge does not lie within the discretion of the court; but the bankrupt is absolutely entitled to it, unless it is shown he has committed one or more of the acts which the statute provides shall bar discharge.

2. BANKRUPTCY ☞ 407(1)—NO REFUSAL OF DISCHARGE WITHOUT OBJECTIONS FILED.
    A bankrupt is entitled to be informed of the grounds on which his discharge is objected to, and where no creditor filed specifications of objection, nor did the trustee do so under Bankruptcy Act, § 146(6) (Comp. St. 1916, § 9598), the court should not refuse a discharge on its own motion; the judicial power being exhausted by a suggestion that the referee may direct a creditors' meeting to be called to consider whether trustee should be authorized to file objections.

3. BANKRUPTCY ☞231—REFEREE—POWERS OF.
    The referee may undoubtedly direct that a creditors' meeting be called to consider whether the trustee should be authorized to file objections to the bankrupt's petition for discharge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the bankruptcy of Albert E. Whitney. On petition for discharge. Petition granted, in event of failure to file objections.

McGovern & Murphy, of Worcester, Mass., for bankrupt.

MORTON, District Judge. In this case the trustee has reported that in his opinion the bankrupt ought not to be discharged. The referee under whose charge the estate was administered also reports that in his opinion the discharge ought not to be granted. But no creditor has appeared and filed any specifications of objection, nor has the trustee done so under Act July 1, 1898, c. 541, § 14b (6), 30 Stat. 550 (Comp. St. 1916, § 9598).

[1-3] The question is whether the court may, of its own motion, either refuse a discharge, or direct an investigation upon the question whether the bankrupt is entitled to be discharged.· The statute explicitly says "the judge shall hear the application for a discharge * * * and discharge the applicant," unless certain specified offenses or acts are found to have been committed by the bankrupt. The grant of a discharge does not lie within the discretion of the court; the bankrupt is absolutely entitled to it, unless it is proved that he has committed one or more of the acts which the statute provides shall bar the discharge. Plainly he is entitled to be informed of the grounds on which his discharge is objected to, and to be heard upon the issues presented. In Re Royal (D. C.) 113 Fed. 140, it was said:

"The court will not seek grounds to refuse a discharge, unless they are properly presented by the parties."

And in Re Thomas (D. C.) 92 Fed. 912, it was said:

"The duty of proving that such ground [of objection] exists is on the objecting creditor. * * * But the judge neither seeks to discover grounds nor supplies lack of specification."

Undoubtedly the referee could direct that a creditors' meeting be called to consider whether the trustee should be authorized to file objections. That is as far as the court of its own motion can go. If the creditors of a bankrupt who is not entitled to be discharged fail to object, they have no ground of complaint if the discharge is granted.