**CHAMPLIN REFINING CO. v. BAILEY et al.**

**In re MERCHANTS' OIL CO.**

Circuit Court of Appeals, Eighth Circuit.
December 5, 1927.

No. 7576.

**Bankruptcy ⊕⊃269—Petition of creditor to vacate sale, alleging fraud in disposition of bankrupt's property, held to state facts requiring full inquiry.**

Petition of creditor of bankrupt corporation, asking vacation of sale in bulk of all bankrupt's property, and alleging fraud on the part of bankrupt's president and others in disposing of property before bankruptcy, *held* to state facts requiring full inquiry, and its dismissal *held* error.

Appeal from the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

In the Matter of the Merchants' Oil Company, bankrupt; C. A. Bailey, trustee. From an order dismissing its petition, the Champlin Refining Company, a creditor, appeals. Reversed.

A. D. Quaintance, of Denver, Colo. (Harry O. Glasser, of Enid, Okl., and C. B. Quaintance, of Denver, Colo., on the brief), for appellant.

Ivor O. Wingren, of Denver, Colo., for appellee Bailey.

J. E. Robinson, of Denver, Colo., for appellee Robertson.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

SCOTT, District Judge. On the 24th day of April, 1925, the Merchants' Oil Company, of the city of Denver, was adjudged a voluntary bankrupt, and thereafter C. A. Bailey was elected its trustee. The trustee on June 15, 1925, petitioned the referee for an order to sell all of the property of the bankrupt, principally consisting of oil stations in the city of Denver, situated on leased property, together with the leaseholds, trucks, office furniture, and fixtures. The prayer as to the leaseholds was for authority to sell the bankrupt's right, title, and interest. Upon this petition on June 15th an order to show cause was issued, fixing hearing for July 1st. No hearing was had on July 1st. On July 14th the trustee filed a petition with the referee, alleging in substance that among the assets of the estate then in possession of the petitioner was a leasehold interest in certain lots and parcels of ground constituting an oil station of the bankrupt situated at 1401 Market street, that said leasehold interest was of great value, and that it was necessary to sell the same for the benefit of creditors. The petition proceeds to allege in substance that, prior to and on the 23d day of July, 1924, one Ray H. Bell was president, treasurer, director, and in control of the corporation and of the other directors, who were nominally interested only, and on said date caused the surrender of a lease held by the bankrupt corporation, upon which an oil station was located, being the oil station at 1401 Market street, to one Boot, the owner of the fee; the term of said lease extending to November 15, 1928, with an option to the lessee to renew for 10 additional years; that the said Ray H. Bell then immediately caused the said Boot to re-lease the said property to him individually, he the said Bell then executing a short time lease to the bankrupt. It is alleged that this transaction was fraudulent, and the petition prays that it be set aside. With this petition pending, and apparently ignoring the same, on July 15th, the next day, hearing was had upon the trustee's previous petition to sell, and an order to sell made by the referee. On July 25,

1925, all of the assets of the bankrupt were sold in bulk to one Robertson, attorney for the bankrupt, for the sum of $12,600. The sale was reported immediately on the same day and confirmed by the referee.

On January 27, 1926, the Champlin Refining Company, alleging itself to be the principal creditor of the bankrupt, filed its petition in the District Court of the United States for the District of Colorado, praying for the vacating of said sale, and alleging that the lease heretofore referred to was of great value, and offering to pay the sum of $22,000 for the assets of the bankrupt. Its petition exhibits and makes a part thereof by reference the petition previously filed by the trustee to set aside the lease transaction between Bell and Boot and the bankrupt. The petition alleges conspiracy between said Bell and other directors and the attorney for the Merchants' Oil Company to conceal the principal assets of the bankrupt, being the lease in question.

On February 8, 1926, the petition of the Champlin Refining Company was referred to Frank McLaughlin, referee in bankruptcy, as special master, for the taking of testimony and the reporting of findings of fact and conclusions of law; and, the petition being referred, on February 13, 1926, order for a hearing was entered, following which motions to dismiss the petition were filed by the said Robertson, purchaser at the sale, and by the trustee. The matter of said reference coming on for hearing, the special master, without taking testimony, formulated a report, apparently drawn from the previous proceedings before him as referee, finding that "the petition does not allege fraud, mistake, accident, or any other cause for which equity would avoid a like sale between private parties," and finding as a conclusion that the motions to dismiss should be sustained.

On April 26, 1926, the report of the special master having been filed, the District Court made an order allowing the Champlin Refining Company to amend, and on May 5, 1926, the Champlin Refining Company amended its petition previously filed. The amendment greatly elaborates the original petition. It is unnecessary to set the same out at large in this opinion. Suffice it to say that the petition as amended shows a grossly fraudulent scheme upon the part of Bell to deprive the bankrupt of valuable property. It alleges that Robertson, the purchaser, was at the time and for a long time previous the attorney, both for the bankrupt and for Bell, and on information that said Robertson was interested with Bell in the business, and had

intimate knowledge of each and all of the acts plead. It further alleges "that at and prior to the said sale the trustee represented to the petitioner that he then had enough money on hand to meet and cover the bills against the receivership, including the expenses thereof, and that any amount bid at said sale would be subject to distribution among the creditors; that petitioner relied upon said representations, believed them to be true, and acted thereon, and except therefor would have opposed the sale and any confirmation thereof; that petitioner's representative, to wit, Robert A. Champlin, returned to Enid, Okl., and petitioner then wrote to the trustee and requested a report as to the dividend; that the trustee has not yet made such a report, but on or about August 17, 1925, advised the petitioner in substance that there would be no money left for distribution to the creditors."

On June 17, 1926, the matter came on for hearing before the court on the motions to dismiss, and after argument the court made the following order: "It is ordered by the court that the said petition and amended petition be and the same are hereby dismissed out of this court at the costs of the petitioner to be taxed." This ruling is assigned as error. We are constrained to hold that the trial court erred in dismissing the petition of the Champlin Refining Company. In our opinion, the case calls for a full and searching hearing upon the evidence.

Reversed.