### RAICH v. OLSON et al.

Circuit Court of Appeals, Eighth Circuit.
April 13, 1928.

Rehearing Denied May 23, 1928.

No. 7834.

**Bankruptcy ☞461—Circuit Court of Appeals, not having allowed appeal, held without jurisdiction to review order of District Court in bankruptcy proceedings (Bankr. Act §§ 24b, 25, as amended by Act May 27, 1926 [11 USCA §§ 47(b), 48]).**

Circuit Court of Appeals held, without jurisdiction to review order of District Court affirming referee's decision in bankruptcy proceedings under sections 24b and 25 of the Bankruptcy Act, as amended by Act May 27, 1926, 44 Stat. 664 (11 USCA §§ 47 (b), 48), where appeal was not allowed in the discretion of the Circuit Court of Appeals, but only by the District Court.

Appeal from the District Court of the United States for the District of North Dakota; Andrew Miller, Judge.

In the matter of Sam Raich, bankrupt. W. A. Olson was appointed receiver, and on his death P. E. Byrne was appointed as his successor. The referee's report, decision, and order requiring payment of expenses of bankruptcy proceedings from money coming to the referee pursuant to composition were affirmed by the District Court, and bankrupt appeals. Appeal dismissed.

J. K. Murray, of Mott, N. D., Seth W. Richardson, of Fargo, N. D., W. C. Green, of St. Paul, Minn., and C. C. Wattam, of Fargo, N. D., for appellant.

Kay Todd, Walter Fosnes, Charles W. Sterling, and Richard Converse, all of St. Paul, Minn., for appellees.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and MUNGER, District Judge.

WALTER H. SANBORN, Circuit Judge. Subdivision b of section 24 of the Bankruptcy Act, as amended by the Act of May 27, 1926, 44 Stat. 664, U. S. C. tit. 11, § 47, reads in this way:

"(b) The several Circuit Courts of Appeal and the Court of Appeals of the District of

25 F.(2d)—55

Columbia shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 25 [11 USCA § 48]) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 25 to be allowed in the discretion of the appellate court." 11 USCA § 47(b).

Mr. Sam Raich was adjudged a bankrupt on April 23, 1924. The court below appointed Mr. W. A. Olson receiver, and as such he took possession of and administered the bankrupt's property until he died in February, 1925; then the court appointed Mr. P. E. Byrne his successor, who obtained and paid over to the referee $7,740.96, which he obtained from a bank in which Mr. Olson, as receiver, had deposited it. A composition with his creditors had been made by Mr. Raich and confirmed by the referee before the death of the first receiver. Mr. Raich claimed that the $7,740.96 which came to the referee was his property under and pursuant to the composition, free from all expenses of conducting the bankruptcy proceedings, but after hearing evidence and arguments the referee reported and ordered many claims for expenses of the proceedings in bankruptcy paid out of this $7,740.96. The referee's report, decision, and order upon this subject were reviewed by the court below and affirmed on January 31, 1927. Thereupon Mr. Raich petitioned the court below to allow him an appeal from that order and it granted his petition.

The appellant is met in this court by a motion to dismiss his appeal on the ground that he never applied to this court for and it never allowed his appeal as required by U. S. C. tit. 11, § 47, quoted above. The orders and decisions of which the appellant complains were made in a proceeding in bankruptcy. This court has no jurisdiction to review or adjudge them on appeal unless such appeal has been allowed in the discretion of this court as required by the act of Congress quoted. The questions presented by this motion have been exhaustively considered and decided by this court in Broders v. Lage, 25 F.(2d) 288, filed March 1, 1928; Stanley's Incorporated Store v. Earl, 25 F. (2d) 458, filed March 30, 1928.

The motion to dismiss must be and it is granted.