## AMERICAN STATE BANK v. ULLRICH.

Circuit Court of Appeals, Eighth Circuit.
September 29, 1928.

No. 8114.

**754**

Odin R. Davis, of Sioux Falls, S. D., and H. A. Doyle, of Yankton, S. D. (Tore Teigen, of Sioux Falls, S. D., on the brief), for appellant.

Lars A. Bruce, of Yankton, S. D., for appellee.

Before BOOTH, Circuit Judge, and POLLOCK and DEWEY, District Judges.

BOOTH, Circuit Judge. This is an appeal from an order denying the petition of a creditor of a bankrupt to amend its specification of objections to a discharge of the bankrupt.

■ At the outset we are met by a motion by appellee to dismiss the appeal, on the ground that the same was not allowed by this court. If the appeal was one which required an allowance by this court, the failure to obtain such allowance (which is admitted), will require a dismissal of the appeal. Broders v. Lage, 25 F.(2d) 288 (C. C. A. 8); Stanley's Inc. Store v. Earl (C. C. A.) 25 F. 458; Raich v. Olson (C. C. A.) 25 F. 865.

The vital question before us, therefore, is: Did the appeal require an allowance by this court? It is clear that the matter involved in the appeal is a "proceeding in bankruptcy" and not a "controversy arising in bankruptcy proceedings." Section 24a of the Bankruptcy Act has, therefore, no application. Tayler v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889. Section 24b of the Bankruptcy Act, as amended by the Act of May 27, 1926 (44 Stat. 664, c. 406, § 9; U. S. C. tit. 11, § 47; 11 USCA § 47), reads as follows:

"(b) The several Circuit Courts of Appeal and the Court of Appeals of the District of Columbia shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 25) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 25 to be allowed in the discretion of the appellate court."

It is clear that under the provisions of this section, appeals in proceedings in bankruptcy (except those mentioned in section 25; 11 USCA § 48) are required to be allowed by the appellate court. Counsel for appellant admit this; but they contend that the present appeal comes within the exception. They argue that the order denying the petition to amend the specification of objections to the discharge of the bankrupt was equivalent to an order discharging the bankrupt, since the record shows that there remained no valid specifications on file, and the time for filing them had expired. They argue further that the present appeal is equivalent to an appeal from an order granting a discharge to the bankrupt, and therefore, appealable under Section 25a (2) without an allowance by this court.

■ The argument is ingenious, but it has not persuaded. The order appealed from was not the equivalent of an order of discharge. So far as the record shows, the petition for discharge has not been passed upon by the court, but is still pending. When it is brought on for hearing, a discharge may or may not be granted, even though there are no specifications of objections on file. While the court of its own motion will not seek for grounds to refuse a discharge, yet, under the provisions of section 14b of the Bankruptcy Act, 11 USCA § 32(b), it is the duty of the court to "hear the application" and "investigate the merits of the application." The court must be satisfied that the statutory requirements and rules of court have been fulfilled. Remington on Bankruptcy (3d Ed.) § 3204. The court of its own motion on the records of the court may refuse a discharge on certain grounds. Freshman v. Atkins (C. C. A.) 294 F. 867, affirmed 269 U. S. 121, 46 S. Ct. 41, 70 L. Ed. 193; In re Luftig (D. C.) 162 F. 322. Or the court in a proper case may direct a creditors' meeting to be called to authorize the trustee to oppose a discharge. In re Whitney (D. C.) 250 F. 1005.

■ For these reasons we think that the order appealed from was not the equivalent of an order granting a discharge, and the appeal falls not within the provisions of section 25a

(2) of the act, but within the provisions of section 24b. An allowance of the appeal by this court was required. No such allowance having been obtained, the appeal must be dismissed. See Broders v. Lage, and other cases cited supra.

The motion to dismiss the appeal is granted, and the appeal is dismissed.