**SHORELAND CO. v. CONKLIN et al.**

**J. C. PENNEY–GWINN CORPORATION v. SAME.**

Circuit Court of Appeals, Fifth Circuit.
February 6, 1929.

No. 5450.

· Byrd Douglas, of Nashville, Tenn., for appellant and petitioner.

W. E. Kay and Thomas B. Adams, both of Jacksonville, Fla., and S. D. Weissbuch, of Miami, Fla., for J. C. Penney-Gwinn Corporation.

Floyd L. Knight, of Miami, Fla., for Shoreland Co.

S. Pierre Robineau, of Miami, Fla., for receiver.

W. H. Burwell, of Miami, Fla., for Conklin and others.

James E. Calkins, of Miami, Fla., for Moore Furniture Co.

Harry C. Markle, of Miami, Fla., for McArdle, F. Donnen, and H. Roddenberry.

Before WALKER and FOSTER, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge. This case involves two appeals, the first by the Shoreland Company, a corporation, from a judgment adjudicating it a bankrupt, and the second by the J. C. Penney-Gwinn Corporation, a creditor, from an order of the lower court refusing to discharge the receiver, and to disallow certain fees of that officer, his attorneys, and attorneys for the bankrupt.

In this court the appellees, petitioning creditors, have moved to dismiss the appeal of the Penney-Gwinn Corporation upon the following grounds:

"First. That there is no law authorizing or providing for such petition.

"Second. That said petition is not an appeal under the provisions of section 24b (U. S. Code Annotated, title 11, § 47(b) of the Bankruptcy Law of 1898 as amended.

"Third. That said petition, if intended to operate as an appeal, was not allowed by this appellate court.

"Fourth. That the honorable judge of the United States District Court for the Southern District of Florida was without jurisdiction to make or enter the order allowing the petition, the exclusive jurisdiction to allow an appeal from said District Court, under section 24b of the Bankruptcy Law of 1898, as amended, being vested in this United States Circuit Court of Appeals.

"Fifth. That said petition to revise was filed in the District Court of the Southern District of Florida, and not in the United States Circuit Court of Appeals for the fifth Circuit.

"Sixth. That said petition is null and void, in that such proceeding is not authorized by law and is not in conformity with section 24b of the Bankruptcy Law of 1898, as amended."

Regardless of whether the method of bringing up the questions involved in this order be treated as an appeal or motion to superintend and revise, we think the proceeding will have to be dismissed, for the reason that the authority to allow such a review rests solely with this court. The issues decided by the lower court were such as are covered by section 24b of the Bankruptcy Act of 1898, as amended by the Act of May 27, 1926, c. 406, § 9, 44 Stat. 664 (U. S. Code, title 11, § 47(b), which reads as follows:

"(b) The several Circuit Courts of Appeals and the Court of Appeals of the District of Columbia shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 48 of this title) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 48 of this title to be allowed in the discretion of the appellate court."

Such appeals can be allowed only by the appellate court, in its discretion, and in the present case no authority therefor has to this time been given. The appellant was by the statute allowed 30 days within which to apply for such an order, and, that time having long since passed, this court is wholly without jurisdiction to consider the matter complained of by the Penney-Gwinn corporation, and hence its appeal will be dismissed. Broders v. Lage (C. C. A.) 25 F.(2d) 288; Raich v. Olson (C. C. A.) 25 F.(2d) 865, and authority cited; Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889.

### Appeal of Defendant.

Counsel for Penney-Gwinn Corporation have moved to dismiss the appeal of the defendant, for the reason, so it is alleged and supported by affidavits, that the cost of printing the record was paid out of the funds in the hands of the receiver under ex parte order of the court below.

We shall not attempt in this manner to decide the question of the payment of these costs, but think it sufficient to say that the appellant gave in the court below a bond in the sum of $5,000, which should be ample to take care of the costs.

The remaining questions are those brought up by the appeal of the alleged bankrupt. The petitioning creditors, as grounds of bankruptcy, alleged that the defendant had allowed other creditors to obtain judgment in the state court of Florida for various sums, and did not vacate or discharge the same within 30 days from the date of said judgments, which had become liens upon the assets of the said Shoreland Company; that the defendant had, while insolvent, and with intent to prefer another creditor, to wit, Indiana Truck Company, sold 39 motor trucks in satisfaction of an indebtedness of approximately $35,000 to the said truck company, some 16 of which had been paid for in full, and the remainder partly paid for, and were worth from $2,000 to $2,500 apiece; that the defendant had also, while insolvent, delivered to Vernon C. Weaver and his wife two motor busses in settlement of a debt of $1,900, which had subsequently been sold by them for $7,000; that the said Weaver was an officer of the defendant, and failed to account for the proceeds of the said busses; and, further, that the said defendant "has conveyed, delivered, sold, and removed, or permitted to be removed, the said two motor busses, which constitute a part of its property, with intent to hinder, delay, and defraud the creditors of said company."

On May 27, 1927, the defendant company filed the following answer:

"At Miami, in said district, on the 27th day of May, A. D. 1927.

"And now the said Shoreland Company appears and denies that it has committed the acts of bankruptcy set forth in said petition, or that it is insolvent, and avers that it should not be declared bankrupt for any cause in said petition alleged; and this it prays may be inquired of by the court.

"Shoreland Company,
"By E. S. Harris, Vice President.
"Subscribed and sworn to before me this 26th day of May, A. D. 1927.
"L. M. Johnson, Notary Public,
"State of Florida at Large."

Nothing further appears to have been done in the bankruptcy proceedings until June 7, 1928, when Penney-Gwinn Corporation filed a petition of intervention, alleging that it had a provable claim against the Shoreland Company in the sum of $1,118,899.37, with interest at 8 per cent. from the 22d day of June, 1927, "amounting to at least $600,000 in excess of securities held by your petitioner"; that petitioner had caused an appraisement of its securities to be made as per affidavits attached, showing the facts above set forth, and intervener joined in the prayer for adjudicating defendant a bankrupt. The intervention was formally allowed.

On the same date, June 7, 1928, another creditor, Moore Furniture Company, of Miami, intervened, setting forth its claim, and alleging that C. D. Leffler had been appointed receiver of the defendant company in the bankruptcy proceedings, and further "that, since the filing of the involuntary petition in bankruptcy on May 14, 1927, * * * said petitioning creditors have taken no action to bring about an adjudication in bankruptcy." Petitioner prayed that it be permitted to join in the prayer for adjudication.

Similar interventions were on the same date filed and allowed on behalf of other creditors.

At the same time Penney-Gwinn Corporation presented a motion to strike from the record the answer of the defendant filed on May 28, 1927, upon the grounds, first, that the answer had not been made under the seal of the corporation; second, that it had not been verified according to the Bankruptcy Law, and the affidavit of one Harris, signing himself vice president of defendant, showed no authority from the directors of the defendant corporation to represent it in said capacity; third, that the said answer contained only general denials, "and does not conform to the rule of pleading prescribed by rule 30, Federal Equity Rules, which rule is held applicable to an answer in bankruptcy proceedings"; fourth, that attorneys for the defendant had in sundry ways admitted that their client was a bankrupt, one of which was the filing on February 28, 1928, of a petition for the allowance of attorney's fees; and, fifth, that said defendant "is in fact a bankrupt, is in fact insolvent, and, if said pretended answer be not stricken on the grounds aforesaid, then your petitioner pleads that the matters and things alleged in the petition for bankruptcy adjudication filed in said case may be forthwith inquired into by the court, the said pretended answer not having demanded a jury trial, and the time for making such demand having long since passed."

Thereupon defendant tendered a motion asking for permission to file its amended denial of bankruptcy. The proposed amendment, which was attached to the motion, was supported by the affidavit of the president of the defendant company, who swore that he was authorized by the board of directors to make said answer, and which was in the following language:

"And now the said Shoreland Company, by leave of court first had and obtained, appears and denies that it has committed either of the acts of bankruptcy set forth in said petition or that it is insolvent, and avers that it should not be declared bankrupt for any cause in said petition alleged, and this it prays may be inquired into by the Court."

On June 25, 1928, the court below signed a decree refusing to permit the defendant to amend its answer, and sustaining the motion to strike the original from the record. Thereupon it signed a decree adjudging the defendant bankrupt as upon default.

The answer filed by the defendant was in the language of the form prescribed by the Supreme Court pursuant to the authority of section 30 of the Act of July 1, 1898, chapter 541, 30 Stat. 554 (form 6, U. S. Code Ann. tit. 11, § 53, p. 72, Bankruptcy Act). While the sufficiency of the verification and authority of the vice president was questioned, the court below had the power, within its sound discretion, to allow amendment thereof by proper verification and showing of such authority. Accompanying the motion, as above stated, was an answer, signed by the president and verified by his affidavit as to his authority to make the appearance. In these circumstances, we think it was an abuse of discretion for the court below to strike the original answer and refuse to allow the amendment. Such delays as had occurred were due apparently as much to the failure of the petitioning creditors to prosecute the cause as to the fault of the defendant, and the commission of alleged acts of bankruptcy had been denied, and we think it was the duty of the court to allow the defendant to amend its pleadings and to try the case in the regular way.

For the reasons assigned, the judgment appealed from is reversed, and the cause remanded to the lower court for further proceedings consistent with these views.