## In re MERCHANTS' OIL CO.

## CHAMPLIN REFINING CO. v. BAILEY et al.

Circuit Court of Appeals, Tenth Circuit. December 11, 1929.

No. 167.

Harry O. Glasser, of Enid, Okl., and Arthur D. Quaintance, of Denver, Colo., for appellant.

S. R. Robertson, of Denver, Colo., pro se.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge. ▮ A motion to dismiss the appeal in this case has been filed on the ground that it comes within Bankruptcy Act, § 24b, as amended by the Act of May 27, 1926 (USCA tit. 11, § 47(b), and that no order was obtained from the Court of Appeals allowing the appeal within the 30 days prescribed by the statute. In opposition to the motion, the appellant contends that the matter sought to be reviewed falls within section 24a (11 USCA § 47(a), in that the litigation presents a "controversy arising in bankruptcy proceedings" rather than the "proceedings of the several inferior courts of bankruptcy."

The law is well settled. In Broders v. Lage (8 C. C. A.) 25 F.(2d) 288, 289, the Eighth Circuit held:

"The phrase 'proceeding in bankruptcy' includes questions arising between the alleged bankrupt and his creditors, commencing with the petition for adjudication, and ending with the discharge, and also includes the intermediate administrative steps, such as the election of trustee, allowance of claims, fixing of priorities, and proceedings relating to exemptions, sales, allowances, and other like matters, which courts of bankruptcy dispose of in a summary way."

A great variety of authorities are gathered on this subject in the note to the section found at page 362 of title 11, section 47, USCA.

▮ There remains the single question, the nature of the controversy here presented. Among the assets of the bankrupt estate was a claim to a lease, adversely held by one Bell. The appellant thought the claim of the trustee to the lease should be litigated prior to the sale, and so moved the referee. The trustee thought the best interest of the estate required a prompt sale and liquidation of the estate. The referee decided with the trustee, and ordered the sale of all the properties of the estate, including the trustee's claim to this lease. The sale was held and confirmed on July 25, 1925. On January 27, 1926, this proceeding was brought to set aside that sale.

Clearly, this is a proceeding in bankruptcy, and requires the allowance of an appeal by the Circuit Court of Appeals, under section 24b (11 USCA § 47(b).

The purchaser at the trustee's sale became a party to the proceedings. Wood v. Mann, 30 Fed. Cas. 17,954, opinion by Judge Story. The bankruptcy court therefore acquired summary jurisdiction over the purchaser and had the right to enforce the sale in a summary proceeding in the nature of contempt. See 35 C. J. 58, 59. Therefore, the fact that the purchaser was a party to the proceedings to vacate the sale, does not make it a controversy arising in bankruptcy proceedings.

The opinion of the Eighth Circuit, on a prior appeal in this case, is not opposed. 23 F.(2d) 657. The appellant had asked that the claim of Bell (an outsider) be adjudicated and the transfer of the lease to him set aside. The appeal to the Eighth Circuit was on the sufficiency of this pleading. The controversy presented to that court included Bell's claim to the lease. If jurisdiction had attached to this controversy, an appeal therefrom would be under section 24a. But jurisdiction did not attach as against Bell; that controversy was not tried and is not here.

Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 889, was decided prior to the amendment of May 27, 1926 (11 USCA § 47), and is not in point. White v. Barnard, 29 F.(2d) 510 (1 C. C. A.), and In re Prudential Lithograph Co., 270 F. 469 (2 C. C. A.), cited by appellant, involved controversies with third parties, and are not applicable.

The motion to set aside the sale invoked the summary jurisdiction of the bankruptcy court and the proceeding was in no sense a plenary suit or a controversy arising in bankruptcy proceedings. If controversies, regarding trustees' sales, are not within the summary jurisdiction of the bankruptcy court; if they may be the subject of plenary suits; or if they are suits in the nature of controversies arising in bankruptcy proceedings, rather than a proceeding in bankruptcy, the due administration of bankrupt estates will be greatly impeded, as this case abundantly illustrates.

This case is appealable only under section 24b (11 USCA § 47(b); since the appeal was not allowed by this court, the motion to dismiss the same is granted, and the appeal dismissed.