**In re TORGOVNICK.**

**No. 367.**

Circuit Court of Appeals, Second Circuit.
April 20, 1931.

Nathan B. Fogelson, of New York City, for appellant.

Nathan Tolk, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

Torgovnick, the bankrupt, filed a voluntary petition in bankruptcy, and was adjudicated. Thereupon he procured a rule against Max Block & Co., Inc., a creditor, to show cause why it should not be stayed from taking out execution against his person upon a judgment entered against him before petition filed in the Municipal Court of the City of New York. The question at issue was whether the judgment was a dischargeable debt, and the District Court concluded that, as Block & Co. had not shown that it was otherwise, execution should be stayed. Block & Co. filed a petition for allowance of an appeal in the District Court and got the appeal allowed there, but filed no copy of the petition here, as prescribed under Rule 36 of this court. The time to appeal has long since expired.

 If Torgovnick's application was a "proceeding in bankruptcy" under section 24b, 11 USCA § 47 (b), and not a "controversy arising in bankruptcy" under section 24a, 11 USCA § 47 (a), it is abundantly settled that application to this court for leave to appeal must be made within thirty days after the entry of the order, and that allowance by the District Court will not serve. Broders v. Lage, 25 F.(2d) 288 (C. C. A. 8); Stanley's Incorporated Store v. Earl, 25 F.(2d) 458 (C. C. A. 8); American State Bank v. Ullrich, 28 F.(2d) 753 (C. C. A. 8); Ahlstrom v. Ferguson, 29 F.(2d) 515 (C. C. A. 1); Shoreland Co. v. Conklin, 30 F.(2d) 489 (C. C. A. 5); In re Merchants' Oil Co., 36 F.(2d) 655 (C. C. A. 10); Gate City Clay Co. v. Dickey, 39 F.(2d) 581 (C. C. A. 8). As our jurisdiction is at stake, we must notice the point, though the appellee has not raised it. Thus the only question open is whether the application was a "proceeding" or a "controversy" in bankruptcy.

 An application for a stay against arrest under section 9a (2), 11 USCA § 27 (a) (2) is of course no part of the proceedings to obtain a discharge; nor is a similar application under section 11a, 11 USCA § 29 (a), to stay a suit. However, each is a part of that protection which the statute gives against dischargeable debts; it is somewhat like a provisional or temporary discharge, until the final question can be determined. Indeed, a stay against arrest, which is the case before us, is not alone for the bankrupt's benefit, but is necessary to the discharge of his duties in the bankruptcy court, and is granted in some measure, even when the claim is not dischargeable. General Order 12 (1) (11 USCA § 53). It appears to us that in either aspect it must be treated as falling within the same class as the discharge proceedings themselves.

Before the amendments of 1926, judgments granting or denying a discharge, including orders of confirmation of a composition, were reviewed by appeal under section 25a, 11 USCA § 48(a), as distinct from petitions to revise under section 24b, 11 USCA § 47 (b), but they were nevertheless "proceedings" in bankruptcy, because section 25 (a) so classed them. The amendments confirmed this definition, not only by repeating the classification in section 25 (a), but by the language of section 24 (b) as amended (44 Stat. 665, 664, §§ 10, 9). Moreover, it was uniformly held that steps in the application for a discharge, except the "judgment" itself, must be reviewed by petition, not by appeal. Thompson v. Mauzy, 174 F. 611 (C. C. A. 4); In re Jacobs, 241 F. 620 (C. C. A. 6); In re White, 248 F. 115 (C. C. A. 9). Similarly since 1926, such orders can be reviewed only by leave of the Circuit Court of Appeals, Broders v. Lage, 25 F. (2d) 288 (C. C. A. 8).

 Since, therefore, the order here at bar is to be regarded as ancillary to the discharge, and the discharge is throughout a "proceeding," we cannot see how it can itself be other than a "proceeding." Generally speaking, "controversies" are those matters which arise between the estate as a whole and persons who have legal relations with it other than as creditors. The adjudication substitutes for the bankrupt the creditors as a collective group owning the estate. Their mutual disputes are part of the distribution of the estate, intercorporate as it were; they are "proceedings." Disputes between them in their collective capacity and others are "controversies"; at least this is the gross distinction intended. The discharge of the bankrupt in all its aspects is indeed no part of the distribution of the estate; it concerns the creditors' legal relations with the bankrupt, not with one another, but it is nevertheless a privilege following upon the performance of the bankrupt's duties, a part of the relief which the proceedings as a whole give to the chief actor. While we have found no decisions upon the point, we do not hesitate to hold that the application was a "proceeding" under section 24 (b).

Appeal dismissed.