## In re LIPP.
### No. 8610.

District Court, D. Colorado.
March 25, 1937.

Harry L. Silverman, of Denver, Colo., for the bankrupt.

KENNEDY, District Judge.

The above-entitled proceeding is before the court upon the report of the referee in bankruptcy recommending that the petition of the bankrupt for a discharge be denied and the objections and exceptions of the bankrupt to such report.

. It appears that the bankrupt in due time filed his petition for discharge in bankruptcy which was referred to the referee in compliance with General Order 12, as amended (11 U.S.C.A. following section 53), for the purpose of conducting a hearing thereon. After such hearing, the referee made his report to the court recommending that the discharge be denied. Thereafter exceptions to the findings and recommendations of the referee were filed by the bankrupt and upon a hearing by the court the matter was re-referred to the referee for further proceedings on July 16, 1936. Thereupon the referee upon notice to the creditors conducted hearings upon said petition for a discharge. An attorney for the creditors appeared, examined the bankrupt, and evidently introduced certain documentary evidence indicating, as gathered from the referee's report, that there might be irregularities in the matter of conducting his business and failing to keep his books and records, to the extent that he should be deprived of a discharge under the provisions of the Bankruptcy Act. The referee thereupon again by his report recommended that the discharge of the bankrupt be denied. To this subsequent report the bankrupt through his counsel interposed objections and exceptions, reiterating those previously stated. The matter in this form came on for hearing. There was no appearance in behalf of creditors. Among the objections and exceptions to the report presented in behalf of the bankrupt is the one that no formal objections were filed by any creditor in opposition to the discharge. The record fails to disclose and the report does not show that objections or specifications in opposition to the discharge were presented by the creditors or trustee, but, on the other hand, the referee seems to have assumed that the court in the absence of such objections and specifications may upon its own motion, if basic facts be presented, deny the discharge.

Section 14 of the Bankruptcy Act, as amended (11 U.S.C.A. § 32), provides:

"(a) Any person may, after the expiration of one month and within twelve months, subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending, if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months.

"(b) The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in in-

terest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard; and investigate the merits of the application and discharge the applicant, unless he has (1) committed an offense punishable by imprisonment as herein provided; or (2) destroyed, mutilated, falsified, concealed, or failed to keep books of account, or records, from which his financial condition and business transactions might be ascertained; unless the court deem such failure or acts to have been justified, under all the circumstances of the case; or (3) Obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition; or (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition, transferred, removed, destroyed, or concealed or permitted to be removed, destroyed, or concealed any of his property, with intent to hinder, delay, or defraud his creditors; or (5) has been granted a discharge in bankruptcy within six years; or (6) in the course of proceedings in bankruptcy, refused to obey any lawful order of or to answer any material question approved by the court; or (7) has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities: Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this paragraph (b), would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt: And provided further, That the trustee shall not interpose objections to a bankrupt's discharge until he shall be authorized so to do by the creditors at a meeting of creditors called for that purpose on the application of any creditor."

General Order 32, as amended (11 U.S. C.A. following section 53), provides:

"A creditor opposing an application for discharge, or for the confirmation of a composition or extension proposal, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall at the same time file a specification in writing of the grounds of his opposition."

I am of the opinion that the court or judge has no authority to act on his own motion in the denial of a petition for discharge in bankruptcy in the absence of formal objections and specifications in opposition. That portion of the act relating to discharges provides in subdivision (b) above quoted that the application for discharge shall be heard upon the application and proofs and pleas which may be made in opposition thereto by the trustee or other parties in interest after a reasonable opportunity to be fully heard. The General Order provides the manner in which the specifications in opposition to discharge shall be filed in writing. Certainly under these provisions the referee, who is but an arm of the court for the purpose of assembling the facts, or the court itself, is not a party in interest. Both the statute and General Order contemplate an adversary proceeding with an issue joined between the bankrupt on the one side and the creditors or the trustee on the other. Even the trustee under the provision of the statute cannot interpose objections unless he shall be specifically authorized to do so by the creditors at a meeting called for that purpose.

There may be a number of cases which seem to indulge language capable of the construction at first blush that the court has some inherent discretion at all times over the matter of granting discharges, but when analyzed the facts do not seem to justify the conclusion. In Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193, the denial of a discharge was affirmed, but upon the ground that a previous application for a discharge with objections thereto was before the court which had not been acted upon. The first application was contested, and in this situation it was held that the court had the power and right to deny the discharge as to debts then in controversy because of the undisposed of application on file.

In Schlicht v. De Groot, 38 F.(2d) 621 (C.C.A.6), it appears that specifications had been filed by a creditor and that the creditor later elected to abandon or withdraw his objections. The court held that under these circumstances it was in the power of the court to rule adversely upon the application for a discharge. The opinion at page 622, says:

"We need not, and do not, now decide whether a bankruptcy court may deny a discharge entirely on its own motion and

in the absence of any proofs produced by any party in interest in support of specifications duly filed, by some party in interest, in opposition to such discharge. No such case is here presented. Proper specifications were seasonably filed by a creditor who was, at the time of such filing, a party in interest. Although it is not clear from the record whether any formal application for the withdrawal of such specifications was filed, we assume, for the purposes of this opinion, that the objecting creditor sufficiently indicated its wish to abandon and withdraw its objections and took whatever steps were necessary to that end.

"We are of the opinion that when, as here, a creditor has filed specifications in opposition to a discharge, the mere fact that such creditor abandons such opposition or desires to withdraw its objections does not deprive the court of power to deny such discharge."

In American State Bank v. Ullrich, 28 F.(2d) 753 (C.C.A.8), the matter came up on a point as to whether it should be presented by appeal or on a petition to revise. While there is some inferential language used concerning the power of the court to investigate the merits of the application for discharge, it is clearly not in point here as the opinion shows that the petition for discharge had not been passed upon by the court but was still pending.

On the other hand, cases have been found which justify the adoption of the rule that, in the absence of objections or specifications or those found to be insufficient in law to tender an issue, the judge is without authority to refuse to grant the discharge.

In the early case of In re Thomas (D.C. Iowa) 92 F. 912, at page 913, the court says:

"Section 14, paragraph b, makes it the duty of the judge to grant the discharge, provided the requisites as to notice, etc., have been observed, unless one of the two grounds in said paragraph stated is proven. The duty of proving that such ground exists is on the opposing creditor. Where the grounds are duly specified, and, if proven, would prevent discharge, the judge will fix time and place of hearing. But the judge neither seeks to discover grounds, nor supplies lack of specification."

To a like effect by the same court is In re Hixon, 93 F. 440.

In the case of In re Whitney, 250 F. 1005 (D.C.Mass.), the trustee reported that in his opinion the bankrupt ought not to be discharged, which was likewise the report of the referee, but no creditor appeared and filed any specifications of objections, nor had the trustee done so. Speaking to this point the court said, at page 1006:

"The question is whether the court may, of its own motion, either refuse a discharge, or direct an investigation upon the question whether the bankrupt is entitled to be discharged. The statute explicitly says 'the judge shall hear the application for a discharge * * * and discharge the applicant,' unless certain specified offenses or acts are found to have been committed by the bankrupt. The grant of a discharge does not lie within the discretion of the court; the bankrupt is absolutely entitled to it, unless it is proved that he has committed one or more of the acts which the statute provides shall bar the discharge. Plainly he is entitled to be informed of the grounds on which his discharge is objected to, and to be heard upon the issues presented. In Re Royal (D.C.) 113 F. 140, it was said:

"'The court will not seek grounds to refuse a discharge, unless they are properly presented by the parties.'

"And in Re Thomas (D.C.) 92 F. 912, it was said:

"'The duty of proving that such ground (of objection) exists is on the objecting creditor. * * * But the judge neither seeks to discover grounds nor supplies lack of specification.'

"Undoubtedly the referee could direct that a creditors' meeting be called to consider whether the trustee should be authorized to file objections. That is as far as the court of its own motion can go. If the creditors of a bankrupt who is not entitled to be discharged fail to object, they have no ground of complaint if the discharge is granted."

A more recent case is In re Miller, 39 F.(2d) 919 (D.C.Minn.). The point before this court is there definitely ruled in favor of the bankrupt in an opinion by Judge John B. Sanborn (now Circuit Judge), in the following language at page 921:

"It is claimed, however, by the trustee that the subsequent ratification by the creditors of the unauthorized act of the trustee in filing specifications was retroactive and validated whatever had been done on their behalf. I think this position cannot

be sustained. The fact is that no specifications of objections were filed during the time when they might have been filed, by any person having any authority to file them. Therefore, on May 29th the application for a discharge by the bankrupt stood unopposed, and no action on the 31st by the creditors was of any force or effect.

"Since there were no valid specifications of objections, the special master had nothing before him so far as the question of discharge was concerned.

"It is suggested, however, that this court may, of its own motion, inquire into the right of the bankrupt to a discharge.

"In Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193, the bankruptcy court took judicial notice of the pendency of a former application for discharge, under a prior voluntary petition, and denied a discharge in a second proceeding in so far as creditors included in the former proceeding were concerned. It was urged that the objection could not be raised by the court, but only by an interested party. The court said (at page 123 of 269 U.S., 46 S. Ct. 41, 42): 'That such is the rule where the action of the court is based upon one or more of the acts of the bankrupt which operate to preclude a discharge may be conceded. But the objection that the issue is already pending, as that it has been adjudged, goes to the right of the bankrupt to maintain the later application, not to the question of the evidence or grounds upon which the relief may be granted if the application be maintainable. The refusal to discharge was not on the merits, but upon the procedural ground that the matter could not properly be considered or adjudged, except upon the prior application.'

"Therefore, where it is claimed that upon the merits a bankrupt is not entitled to a discharge, some interested party must object and properly plead and prove some grounds for denying the discharge, before the court can act."

It must accordingly be held that in the absence of any objections or specifications in opposition to the petition for discharge in this case, there is nothing before the court upon which to act, as neither the court nor the referee under the statute are in a position to interpose objections on their own motion.

The petition for a discharge will be granted and the order of discharge may be submitted.