In re FEDERAL PHOTO ENGRAVING COR-
PORATION.

Ex parte MASSEY.

No. 54.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1931.

David L. Blick, of New York City, for appellant.

Weil & Fenster, of New York City, for appellee receiver.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Irving Trust Company as receiver in bankruptcy of Federal Photo Engraving Corporation filed a petition with one of the referees in bankruptcy praying that Louis V. Massey be ordered to turn over to the receiver certain chattels and accounts receivable. The referee, after taking evidence bearing upon his jurisdiction and authority to determine the rights of the parties and to grant relief in a summary proceeding, sustained the objections to his jurisdiction and held that the issues should be adjudicated in a plenary suit. On appeal, the District Judge reversed the decision of the referee, held that he should determine the ownership of the property claimed by the receiver, and referred the proceeding back to him for that purpose. From this order of the District Judge directing the referee to try the issues in the summary proceeding which had been brought before him, Massey appeals.

It is to be noticed that the order of the District Judge is interlocutory and not final. There was no trial before the referee on the merits. He took sufficient evidence to reach the conclusion that the proceeding did not involve the determination of the title to property in the actual or constructive possession of the bankruptcy court, but only involved an adverse claim by Massey, as to which he had no summary jurisdiction. The District Judge differed with him as to this and ordered him to go on with the summary proceeding. While the litigation here is of the class of "controversies arising in bankruptcy proceedings" (referred to in section 24a of the Bankruptcy Act as amended May 27, 1926, 11 USCA § 47 (a) in which an appeal from a *final* order lies as a matter of right, an appeal does not lie as a matter of right from an interlocutory order made in the course of such controversies. Interlocutory orders of the District Court can only be reviewed under the supervisory powers given by section 24b, as amended May 27, 1926, 11 USCA § 47 (b). This subdivision permits a review of such orders only after it is allowed by the Circuit Court of Appeals. Childs v. Ultramares Corporation (C. C. A.) 40 F.(2d) 474. No application appears to have been made to this court to allow the present appeal, and no order allowing it is found in the record.

A determination of the existence of summary jurisdiction, such as the District Judge made in the present case without passing on the merits, is not a final order. The rights of appellant are not finally adjudicated until the referee has denied relief to the receiver or entered a so-called "turn-over order" against the appellant. In re Russell (C. C. A.) 101 F. 248; In re Rose Shoe Mfg. Co. (C. C. A.) 168 F. 39; Pearson v. Higgins (C. C. A.) 34 F.(2d) 27, certiorari denied 280 U. S. 593, 50 S. Ct. 39, 74 L. Ed. 641; Seattle Curb Exchange v. Knight (C. C. A.) 46 F.(2d) 34.

Because no order of this court has been obtained allowing the present appeal, and such an order is a condition of our right to review the order of the District Court, the appeal is dismissed for lack of jurisdiction. Raich v. Olson (C. C. A.) 25 F.(2d) 865; American State Bank v. Ullrich (C. C. A.) 28 F.(2d) 753.