Paulette PAPILSKY, Plaintiff-Appellee,

v.

Alvin H. BERNDT et al., Defendants-Appellants.

Harry LEVINE, Plaintiff-Appellee,

v.

Robert S. DRISCOLL et al., Defendants-Appellants.

Nos. 477–482, Dockets 73–2187—73–2190, 73–2506 and 73–2510.

United States Court of Appeals, Second Circuit.

Argued March 11, 1974.

Decided May 24, 1974.

Certiorari Denied Dec. 9, 1974.

Abraham L. Pomerantz, New York City (Mordecai Rosenfeld, Daniel W. Krasner and Pomerantz Levy Haudek & Block, New York City, on the brief), for plaintiff-appellee in Nos. 73–2188 and 73–2190.

Wendell Davis, Jr., New York City (McConnell, Schenermann & Davis, New York City, on the brief), for plaintiff-appellee in Nos. 73–2187 and 73–2189.

Judson A. Parsons, Jr., New York City (Keith E. McClintock, Jr. and Dewey, Ballantine, Bushby, Palmer & Wood, New York City, on the brief), for defendants-appellants Alvin H. Berndt, Robert S. Driscoll and Lord, Abbett & Co. in both actions.

James D. Zirin, New York City (Edward J. Ross and Breed, Abbott & Morgan, New York City, on the brief), for defendant-appellant Affiliated Fund, Inc. in both actions.

Before MANSFIELD and TIMBERS, Circuit Judges, and DAVIS, Judge.*

PER CURIAM:

This is the second appeal from an interlocutory order that has come before us during the three year life of this litigation in the district court.

Two years ago we heard, pursuant to 28 U.S.C. § 1292(b) (1970), an appeal by defendants in the *Papilsky* action,

* Hon. Oscar H. Davis, of the United States Court of Claims, sitting by designation.

which was commenced in June 1971, from an order of the district court denying their motion for summary judgment on grounds of *res judicata* based on the dismissal of two prior actions that had been commenced in January 1967 and February 1968. We affirmed the order of Judge Wyatt denying summary judgment. Papilsky v. Berndt, 466 F.2d 251 (2 Cir.), cert. denied, 409 U.S. 1077 (1972).[1]

The instant appeal, as to which a § 1292(b) certification was denied by the district court, seeks to bring up for review an interlocutory order entered on March 16, 1973 in the Southern District of New york by Harold R. Tyler, District Judge, denying motions by defendants in both actions to dismiss the complaints for failure to comply with the particularity requirements of Fed.R. Civ.P. 23.1, or in the alternative to strike certain allegations from the complaints pursuant to Fed.R.Civ.P. 11. We dismiss the appeal for lack of appellate jurisdiction.

The gravamen of defendants' motions below to dismiss was that the complaints do not allege with particularity the reasons for plaintiffs' failure to obtain the action they desired from the directors of the Fund or for not making the effort to obtain the desired action from the directors. Defendants argued that the allegations of domination and control of the unaffiliated directors by the minority affiliated directors are insufficiently precise for purposes of Rule 23.1. They also contended that these allegations are without evidentiary basis and sought to establish this on the instant motions by attempting to introduce voluminous documentary evidence attacking the factual basis of the complaints.

In a reasoned opinion, Judge Tyler denied the motions chiefly on the ground that plaintiffs' allegations that the unaffiliated directors were dominated by a minority of the affiliated directors, coupled with the allegations that *all* directors had participated or acquiesced in the challenged transactions, were sufficient as a matter of pleading to show the futility of a demand. The judge also refused to consider the evidence offered by defendants to show that the unaffiliated directors were not dominated.

In dismissing this appeal for lack of appellate jurisdiction, we are not aware of, and counsel have not cited us to, any case where federal appellate review of an order denying a motion addressed to the pleadings has been permitted. We believe that our decision in Gottesman v. General Motors Corp., 268 F.2d 194, 196–97 (2 Cir. 1956), refusing to permit an appeal, although certified by the district court pursuant to § 1292(b), from the denial of a motion to dismiss for failure to make a demand upon stockholders, is controlling here.

Appellants place chief reliance on Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), in urging that the interlocutory order in question is appealable. Of the three requirements of *Cohen* that must be satisfied "lest this exception swallow the salutary 'final judgment' rule", Weight Watchers of Philadelphia, Inc. v. Weight Watchers International, Inc., 455 F.2d 770, 773 (2 Cir. 1972), we reject out of hand appellants' arguments with respect to two: the order here clearly is not one "too important to be denied review", see Gottesman v. General Motors Corp., *supra*, 268 F.2d at 196–97; and the delay in obtaining appellate review will not result in irreparable loss, but will simply postpone determination of the question of whether the directors under all the circumstances should have decided whether to bring the actions.

With respect to the collateral right requirement of *Cohen*, we hold that it would be stretching that doctrine entirely too far to hold that denial of a motion to dismiss for non-compliance with the particularity requirements of Rule 23.1

1. We shall assume familiarity with the underlying allegations, particularly in the *Pap-ilsky* action, as summarized in our prior opinion. 466 F.2d at 253.

is appealable. The collateral right claimed to be destroyed, i. e., the right to have the board of directors exercise its independent business judgment on whether to sue before permitting a stockholder to bring suit, is not of sufficient magnitude to permit an interlocutory appeal. In the first place, the right is not of great magnitude for the reason that, if (as might well be anticipated) a majority of the board refuses to sue, plaintiffs presumably would then be permitted to reinstitute their present action. Secondly, if plaintiffs should prevail on the merits, denial of defendants' motion to dismiss for non-compliance with Rule 23.1 would be merged in the judgment and on appeal the judgment could be set aside on the ground that plaintiffs lack standing because they failed to meet the conditions of Rule 23.1. In essence therefore the order here is not different from the ordinary order denying a defendant's motion to dismiss or for summary judgment, from which an interlocutory appeal does not lie.

*Cohen* and its progeny are all distinguishable because they represented denial of collateral rights which would be forever lost unless the orders were immediately reversed. In *Cohen,* for instance, the defendants, if they ultimately had prevailed on the merits, would have been unable to obtain the security for costs and attorneys' fees to which they would have been entitled prior to trial. In MacAlister v. Guterma, 263 F.2d 65 (2 Cir. 1968), and in Garber v. Randell, 477 F.2d 711 (2 Cir. 1973), which permitted appeals from the grant or denial of consolidation orders, the rights of the losing parties would have been mooted or destroyed if they had been required to comply with the district court's decisions.

Finally, to the extent that appellants claim that under Rule 23.1 defendants in a derivative action have a right to a unique proceeding—something more than a motion to dismiss the complaint on its face, but something less than a full-fledged motion for summary judgment—we reject their claim as untenable. The obligation imposed by the second sentence of the Rule is neither so important nor so unique that it calls for unusual procedural mechanisms.

In view of the ground of our decision dismissing the appeal for lack of appellate jurisdiction, of course we do not reach the merits.

Dismissed.