### In the Matter of WEST COAST COMPUTER SERVICES, INC., Bankrupt.

### George T. HADLEY, Trustee, Plaintiff,

### v.

### DATA DYNAMICS, INC., Defendant.

### Bankruptcy No. 79–644 T.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Oct. 9, 1980.

Jary C. Nixon, Tampa, Fla., for plaintiff.

Malka Isaak, Tampa, Fla., for defendant.

### ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Bankruptcy Judge.

THE MATTER under consideration is the timeliness of a Notice of Appeal filed by Data Dynamics, Inc. (Data) in the above—captioned adversary proceeding. The Notice of Appeal is addressed to an order heretofore entered by this Court which denied Data's Motion to Dismiss the complaint, a motion which challenged the summary jurisdiction of this Court and also sought a dismissal on the ground that the Trustee failed to join an indispensable party. The Order was entered on May 16, 1980. On May 27, 1980, Data filed a Motion for Rehearing which motion alleged no new facts, but basically reargued the same matters previously urged by Data. On July 10, 1980, this Court entered an order and denied the Motion for Rehearing. On July 18, 1980, Data filed a Notice of Appeal. The timeliness of that Notice is the matter under consideration and is presented for the Court's consideration on a Motion filed by the Trustee who seeks a dismissal of the Appeal on the ground that a Notice of Appeal was not filed within 10 days from May 16, 1980, that is, within 10 days from the date of the order which denied the Motion to Dismiss and, therefore, according to the Trustee, the Appeal is no longer timely.

The time to file an appeal is governed by Bankruptcy Rule 802, which provides as follows:

"Rule 802(a). Ten–Day Period.

The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from.

Rule 802(b). Effect of Motion on Time for Appeal.

The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed with the referee by any party pursuant to the rules hereafter enumerated in this subdivision. The full time for appeal fixed by this rule commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: (1) granting or denying a motion for judgment notwith-

standing the verdict under Rule 115(b)(4); (2) granting or denying a motion under Rule 752(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) granting or denying a motion under Rule 923 to alter or amend the judgment; or (4) denying a motion for a new trial under Rule 923."

It is the contention of Data that the granting or denying of a Motion under Rule 923 to alter or amend a judgment tolled the time to file a Notice of Appeal, therefore, its appeal is timely. Bankruptcy Rule 923 adopts Rule 59 of the Fed.R.Civ.P. which deals with motions to alter or amend judgments granting 10 days to file such a motion after entry of the judgment. Since in this instance, Data filed its motion for rehearing within 10 days, the motion effectively stopped the running of time to file a Notice of Appeal according to Data. To further bolster its contention, realizing that the order sought to be appealed was not labeled as a judgment or a decree which is, of course, an indispensable element before either Rule 59 or Bankruptcy Rule 923 would apply, it contends that the term "judgment" is defined by the Fed.R.Civ.P. 54(a) as a decree and any *order from which an appeal lies.* ·(Emphasis supplied). Therefore, the fact that the appeal is challenging an order and not a judgment or a decree is without significance and is immaterial.

The difficulty with the proposition urged by counsel for Data stems from the very provision of Fed.R.Civ.P. 54(a) and as emphasized earlier, an order is to be within the meaning of the term "judgment or decree" must be an appealable order.

Under the Bankruptcy Act, one must make an initial distinction between "proceedings in Bankruptcy" i. e. those matters affecting or involving administrative aspects of the proceeding and "controversies arising in Bankruptcy proceedings", i. e. "those matters which are not mere steps" in the ordinary administration of the bankrupt, but which present distinct and separate issues between the trustee and adverse

claimants. *In re Durensky*, 519 F.2d 1024 (5th Cir. 1975).

■ With respect to "controversies arising in bankruptcy proceedings", *final* orders are appealable as a matter of right, while *non–final* orders must fit within the provisions of 28 U.S.C. § 1292(b). See 2 *Collier on Bankruptcy*, ¶¶ 24.27 and 24.37.

■ With respect to the denial of the motion to dismiss a complaint for lack of summary jurisdiction, the cases of *In re Durensky, supra* and *In re Photo Engraving Corp.*, 54 F.2d 628 (2d Cir. 1931) are controlling. In *Durensky, supra* the Court stated that the denial of a motion to dismiss for lack of jurisdiction is an interlocutory order which is not ordinarily appealable under the final judgment rule.

Perhaps more analogous to the case at bar, is *In re Photo Engraving Corp., supra* in which the Court stated that where the litigation was in the posture of a "controversy arising in a bankruptcy proceeding" an appeal from a *final order* was a matter of right. A determination of the existence of summary jurisdiction, however, without passing on the merits is a non–final order and is, therefore, not appealable. In *Ben Hyman & Co., Inc. v. Fulton National Bank*, 577 F.2d 966 (5th Cir. 1978) the Bankruptcy Court's order was interlocutory in a "controversy arising in Bankruptcy proceedings", therefore, the Court refused to hear the appeal. See also, *In re Horton*, 621 F.2d 968 (9th Cir. 1980); 9 Am.Jur.2d *Bankruptcy*, § 1691.

This leaves for consideration the remaining question whether the order denying a motion to dismiss for failure to join an indispensable party pursuant to Bankruptcy Rule 712(b)(7) is an appealable order. If the order is a final order, i. e. nothing remains for the Court to do, save to enforce by execution the judgment or what has been determined, then the order is appealable as a matter of right. *Parr v. United States*, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1955); See also 32 Am.Jur.2d *Fed. Practice and Procedure*, § 355. If, however, the order is *non–final*, it is appealable only

if it falls within the four limited exceptions of Title 28 U.S.C. § 1292(a)(1) (injunctions); (a)(2) appointment or removal of receiver; (a)(3) admiralty and (a)(4) patent infringement, all of which are clearly inapplicable. There is, however, also the possibility of an appeal of a non–final order by virtue of Title 28, U.S.C. § 1292(b). That Section, however, requires that there be a substantial basis for difference of opinion among the courts; that an immediate appeal from the order may materially advance the ultimate termination of the litigation; and the judge shall so state in writing in his order that those grounds exist. This Court is satisfied that the prerequisites to filing an appeal pursuant to § 1292(b) were never utilized in this case and such an appeal cannot lie.

Ordinarily, rulings on the pleadings that do not terminate the action by entry of judgment for Plaintiff or Defendant are not final. Orders denying motions to dismiss are not final, and this general rule applies to motions based on the pleadings. The Second Circuit has recently stated that "it was not aware of any case permitting appellate review from an order denying a motion addressed to the pleadings." Wright and Miller, 15 *Federal Practice and Procedure*, § 3914 *citing Papilsky v. Berndt*, 503 F.2d 554, 555 (2d Cir. 1974) *cert. den.* 419 U.S. 1048, 95 S.Ct. 624, 42 L.Ed.2d 643. This Court is in agreement with the Second Circuit and finds that in–roads made into the final judgment rule in some cases, i. e. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) not applicable to the case at bar.

█ Therefore, this Court is satisfied that the denial of the motion to dismiss for failure to join an indispensable party is presently unreviewable and must await a decision on the merits, because the order is a non–final order that does not fall within the ambit of Title 28 U.S.C. § 1292(a) or (b).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion to Dismiss the appeal be, and the same hereby is, granted. It is further

ORDERED, ADJUDGED AND DECREED that Data Dynamics be, and the same hereby is, directed to file its responsive pleading to the Trustee's complaint within 15 days from the date of entry of this Order.