Reginald E. GARRISON

v.

Henry B. FINKS, M.D. et al.

Supreme Judicial Court of Maine.

Decided Dec. 30, 1983.

Monaghan, Leahy, Hochadel & Libby, Kevin G. Libby, Portland, for plaintiff.

Seymour Nathanson, Portland, for Henry B. Finks, M.D.

Preti, Flaherty & Beliveau Christopher Nyhan, Portland, for Mercy Hosp.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

PER CURIAM.

■ The Superior Court (Cumberland County) denied on October 27, 1983, defendants' motion to dismiss this medical malpractice action on the basis of the statute of limitations. Both defendants filed timely notices of appeal to this court. On plaintiff's motion, we dismiss those appeals because the Superior Court's ruling was plainly interlocutory and not reviewable until a final judgment had been rendered. *See* Field, McKusick & Wroth, *Maine Civil Practice* § 73.1, at 432–33 (1981 Supp.); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* 537–38 (1976). *Cf. Joyce v. Conary,* 317 A.2d 794 (Me.1974) (Industrial Accident Commissioner's denial of motion to dismiss for lack of subject matter jurisdiction is nonfinal for appeal purposes).

■ We further determine that these appeals are frivolous and that the imposition of sanctions under M.R.Civ.P. 76(f) is in order. In response to plaintiff's motion to dismiss their appeals, defendants filed identical one-and-a-half-page memoranda, which cited not a single authority in support of the appealability of a trial court's denial of a motion to dismiss. The reason seems obvious; there is no such authority. *Cf. Papilsky v. Berndt,* 503 F.2d 554, 555 (2d Cir.1974) ("we are not aware of any case where federal appellate review of ... an order denying a motion addressed to the pleadings has been permitted"). Defendants only argued that the "issues raised by this Order of the Superior Court are of great public interest"; they have made no effort, however, to obtain a report of the interlocutory ruling under M.R.Civ.P. 72(c).

A frivolous appeal imposes an unwarranted burden on both the appellee and this court. More than that, the mere filing of the notice of appeal causes the litigation in the Superior Court to come to an immediate and complete halt, not to be resumed until after the Law Court has issued its mandate disposing of the appeal. Even with our expedited attention to the matter now at hand, defendants have delayed the Superior Court case by over two months simply by filing notices of appeal. *See* M.R.Civ.P. 73(f). As officers of the court, attorneys must take seriously the injunction of M.R.

Civ.P. 11 that their signatures on a notice of appeal constitute a certificate that to the best of their knowledge, information, and belief there is good ground to support the appeal.

The entry is:

Appeals dismissed.

Counsel for defendants shall pay to plaintiff's counsel $100 toward fees and expenses incurred on these appeals.

All concurring.