**The ORE & CHEMICAL CORPORATION, Petitioner,**

v.

**STINNES INTEROIL, INC. and Sergeant Oil & Gas Co., Inc., Respondents.**

**No. 84 Civ. 6553 (DNE).**

United States District Court, S.D. New York.

June 19, 1985.

238

Milgrim, Thomajan Jacobs & Lee, P.C., New York City, David P. Langlois, New York City, of counsel, for petitioner.

Parker, Auspitz, Neesemann & Delehanty, P.C., New York City, Jack C. Auspitz, New York City, of counsel, for respondent Stinnes Interoil, Inc.

Healy & Baillie, New York City, Raymond A. Connell, New York City, of counsel, for respondent Sergeant Oil & Gas Co., Inc.

OPINION AND ORDER

EDELSTEIN, District Judge:

By opinion and order dated April 22, 1985, this court denied the petition of the Ore & Chemical Corporation ("OCC") to compel consolidated arbitration, pursuant to 9 U.S.C. § 4. *Ore & Chemical Corp. v.*

*Stinnes Interoil, Inc.,* 606 F.Supp. 1510 (S.D.N.Y.1985). Familiarity with the facts of this case as set forth in that opinion is assumed. OCC's petition had also sought an order: (1) directing arbitration before the American Arbitration Association ("AAA") and (2) directing the AAA to appoint neutral arbitrators. The court explicitly deferred its ruling on this portion of the petition. The court gave the parties until May 13, 1985 to reach agreement on the issue of appointment of arbitrators, at which time, if no agreement was reached, the court would reconsider the exercise of its authority, pursuant to 9 U.S.C. § 5, to appoint arbitrators. *Ore & Chemical Corp. v. Stinnes Interoil, Inc., supra,* at 1516.

By letter received by the court on May 13, 1985, OCC informed the court that the parties were unable to agree on the appointment of arbitrators. OCC also informed the court that it was no longer seeking appointment of an arbitration panel by the AAA. OCC requested the court to appoint one arbitrator to preside at both the OCC–Sergeant Oil & Gas, Inc. ("SOG") arbitration and the OCC–Stinnes Interoil, Inc. ("Stinnes") arbitration, because "a single arbitrator serving in both disputes would be readily able to consolidate the arbitrations without needing to add a chairman and would also provide the salutary benefits of consistency in interpretation of fact and testimony." Stinnes, by letter received by the court on May 15, 1985, and SOG, by letter received on May 16, 1985, have objected to OCC's application of May 13. SOG requests an order directing the SOG–OCC arbitration to proceed before a three man panel, with each party choosing one arbitrator and those two arbitrators choosing a third. In the alternative, if the court deems a sole arbitrator necessary, both SOG and Stinnes request that the court appoint one arbitrator for the SOG–OCC arbitration, and a different arbitrator for the OCC–Stinnes arbitration.

## DISCUSSION

*Jurisdiction.*

The first issue to be addressed is one of jurisdiction. On May 23, 1985, OCC filed a notice of appeal of the court's April 22, 1985 Opinion and Order. By letter received by the court on May 29, 1985 counsel for SOG stated: "We assume the matter of arbitrator selection will be held in abeyance pending the outcome of the appeal." Also by letter received by the court the same day, counsel for Stinnes requested the court to "take no action with respect to appointing an arbitrator until the pending appeal is resolved." Stinnes states that "it would appear that OCC's action has deprived this Court of jurisdiction to take further action with respect to OCC's petition." By letter received by the court on June 5, 1985, Ore, the petitioner, contends that the court retained jurisdiction to appoint arbitrators, because the consolidation issue is "collateral" to the appointment of arbitrators issue.

It is well settled that the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). This rule, however, does not bar the court's exercise of jurisdiction over the remaining portions of OCC's petition. Notice of appeal from an unappealable order does not divest the district court of jurisdiction. *Leonhard v. United States,* 633 F.2d 599, 610 (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). Moreover, a premature notice of appeal has no effect and does not divest the district court of jurisdiction. *Griggs v. Provident Consumer Discount Co., supra,* 459 U.S. at 61, 103 S.Ct. at 403. There is a question as to whether the April 22, 1985 order is appealable as a "final decision of the district court," pursuant to 28 U.S.C. § 1291. Although orders compelling arbitration are appealable under Section 1291, *Karavos Compania, Etc. v. Atlantic Export Corp.,* 588 F.2d 1, 7 (2d Cir.1978), the court's April 22 order did not compel arbitration, but denied consolidated arbitration. This denial did not terminate

the litigation and, in fact, the court, at Stinnes' suggestion, gave the parties additional time to reach agreement on the appointment of arbitrators. *Cf. Compania Espanola de Pet., S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966, 973 (2d Cir.1975), *cert. denied*, 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976) (order consolidating arbitrations held appealable, because "order not only mandated the procedural step of consolidation, it also obligated the parties to arbitrate, thereby affecting their substantive rights"). Moreover, review of the April 22, 1985 order is available on appeal from a final judgment. *See Papilsky v. Berndt*, 503 F.2d 554, 556 (2d Cir.), *cert. denied*, 419 U.S. 1048, 95 S.Ct. 624, 42 L.Ed.2d 643 (1974). Ultimately, determination regarding appealability is for the court of appeals. *Schlehan v. Olympic Worldwide Communications, Inc.*, 763 F.2d 135, 138 (2d Cir.1985). However, if the April 22, 1985 order is not appealable, this court's jurisdiction is not disturbed.

If, on the other hand, the court of appeals finds the April 22, 1985 order appealable pursuant to Section 1291, the court would still have jurisdiction to decide the issue of appointment of arbitrators. The only basis for appealability of the April 22 order is that it is a "collateral order." *See* 15 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure (Civil), § 3911 (1976). As one commentator has noted, "[s]ince [under the collateral order doctrine] there is no pretense that the appeal is from an order that finally terminates the litigation, there is no reason to treat the appeal as transferring the entire litigation to the court of appeals. Instead, the district court should have the same power to proceed as it enjoys pending frankly interlocutory appeals under 28 U.S.C.A. § 1292(a) or § 1292(b)." *Id.* § 3911, at 497. Moreover, this court's retention of jurisdiction to enter an order appointing arbitrators would not cause harm or preju-

dice to any party. *See Silberman v. Bogle*, 486 F.Supp. 70, 73 (E.D.Pa.1980) (despite its power to proceed during pendency of appeal of collateral order, district court should "weigh heavily" the possible harm or prejudice of continued proceedings). The parties have nothing left to do; there is no discovery to take and the parties had already set forth their positions on the issue of appointment of arbitrators before the notice of appeal was filed. Thus, there are no "subsequent proceedings" that a reversal of the April 22, 1985 order would "vitiate." 15 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure, § 3911 at 497 (1976).[1] In sum, whether or not the April 22, 1985 order is determined to be appealable, the court retains jurisdiction to finalize the judgment and appoint arbitrators.

*The Petition to Appoint Arbitrators.*

9 U.S.C. § 5 provides:

If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, ... then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

■ The arbitration agreements in this case contain only one sentence: "Laws of the State of New York to Apply with Arbitration in New York." It is undisputed that the agreements contain no provision for the appointment of arbitrators. Because the parties have not "otherwise provided in the agreement," the statute binds the court to compel arbitration by a single

---

**1.** A reversal of the April 22, 1985 order would, of course, "vitiate" this opinion and order and require the court to reconsider the issue of appointment of arbitrators. However, a reversal would require the court to reconsider the appointment issue whether or not it issues this opinion. The important point is that the parties will suffer no prejudice from the court's retention of jurisdiction to enter this order.

arbitrator. Thus, SOG's application for appointment of a panel of arbitrators is denied.

■ Respondents contend that the appointment of one arbitrator for both arbitrations would violate the spirit of the court's April 22 opinion. This contention is rejected. The court held that under 9 U.S.C. § 4, it had no authority to compel consolidated arbitration, and that even if it had such authority, in the exercise of its discretion it would decline to order consolidation, leaving the decision as to consolidation to the arbitrator(s). The court did not rule, however, that 9 U.S.C. § 4 requires the court to take all measures to assure that the arbitrations will remain separate and autonomous. If consolidation of these arbitrations is appropriate, that decision can best be made by one arbitrator who is familiar with both the SOG–OCC and the OCC–Stinnes transactions. While 9 U.S.C. § 4 does not give the court authority to force the procedural posture of consolidation on the arbitrator, the statute does not preclude the court from making consolidation easier for the arbitrator to effect. *See Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064, 1068 (2d Cir.1972) ("federal law is to be implemented in such as way as to make the arbitration effective and not to erect barriers ...").

■ Stinnes contends that "[t]here is no statutory authority for the appointment of a single arbitrator with respect to each of two separate arbitrations." The statute, however, clearly provides authority for the appointment of an arbitrator in each of the two arbitrations. The fact that an arbitrator has been appointed once by a court does not preclude the court from choosing that arbitrator again for another arbitration. Moreover, the fact that the arbitrator has a complete picture of the facts involved in the transactions does not constitute grounds for his disqualification.

SOG contends that under petitioner's proposal, OCC would have a "double opportunity" to influence the arbitrator, thereby placing respondents at a procedural disadvantage. If this is truly SOG's concern, then it should consent to a consolidated arbitration to avoid any appearance by OCC before the arbitrator without SOG being present. Moreover, if the two disputes are separate, as respondents have contended before this court throughout, and the arbitrator so finds, the fact that OCC appears in both arbitrations is of no concern. The court cannot assume that the arbitrator will give OCC's position more weight merely because OCC appears before it more often.

■ The appointment of one arbitrator to preside over both arbitrations is not contrary to the parties' intent as expressed in the language of the arbitration agreement. Both SOG and Stinnes could have inserted provisions in the arbitration agreements preserving their rights to particular arbitrators or to a particular method of selection. The agreements, however, are silent as to the appointment issue.

One arbitrator will be in a better position to determine whether the two actions should be consolidated and, if he so determines, to act on that decision. Alternatively, if the arbitrator finds that consolidation is not appropriate or that he is not empowered to consolidate the arbitrations, the arbitrator can take other measures to assure that OCC is not exposed to duplicative liability. Such measures include, but are not limited to, regulating the timing of hearings and conducting discovery in tandem. In any event, one arbitrator presiding over both arbitrations will have a more complete picture of the transactions in this case, which will decrease the risk of inconsistent verdicts.

Respondents request the court to appoint a lawyer to serve as arbitrator. Petitioner contends that "a commercial person is as well qualified as a judge, if not, [sic] better qualified to place events in the context of industry norms and standards and to interpret the law of the merchant." An appropriate compromise would entail the appointment of a lawyer who is familiar with commercial transactions involving the shipment of gasoil. Accordingly, the court ap-

points Mindes Hershman, Esq., of Rosenman, Colin, Freund, Lewis & Cohen, 575 Madison Avenue, New York, New York 10022, to preside at both arbitrations.

## CONCLUSION

OCC's petition for appointment of one arbitrator to preside at both the SOG–OCC arbitration and the OCC–Stinnes arbitration is granted. The court appoints Mendes Hershman, Esq. to preside at both arbitrations. The clerk is directed to enter final judgment as provided in this opinion and the opinion and order dated April 22, 1985.

SO ORDERED.