■ In the Matter of INSTITUTO DE RESSEGUROS DO BRASIL, Appellant, v FIRST STATE INSURANCE COMPANY, Respondent.— Judgment, Supreme Court, New York County (Beatrice Shainswit, J.) entered August 1, 1991, which denied petitioner's application and dismissed the petition seeking to disqualify a certain member from an arbitration panel, unanimously affirmed, with costs.

Respondent entered into a reinsurance treaty with various reinsurers, including petitioner. Certain of these reinsurers suspended payment, causing respondent to demand arbitration pursuant to the treaty, which provided for creation of a tripartite panel. Petitioner objected to a certain arbitrator selected by respondent on grounds that previously in his role as respondent's designated member of a tripartite panel, the arbitrator had heard and made a determination in a similar dispute between respondent and another reinsurer under the treaty. During the course of those proceedings he had heard some of the witnesses and ruled upon some of the issues which would be involved in the instant arbitration. Supreme Court properly dismissed the petition seeking the arbitrator's disqualification.

Assuming *arguendo* that petitioner's contention would have merit with respect to a single arbitrator tribunal *(but see, Matter of Conroy v Country Wide Ins. Co.,* 75 AD2d 852; *Ore & Chem. Corp. v Stinnes Interoil,* 611 F Supp 237; *Board of Educ. v Pisa,* 55 AD2d 128), we find no such merit with respect to a party designated member of a tripartite arbitration tribunal. Such an arbitrator is not expected to be neutral in the same sense as a Judge or arbitral umpire *(Matter of Astoria Med. Group v Health Ins. Plan,* 11 NY2d 128; *Matter of Reed & Martin [Westinghouse Elec. Corp.],* 439 F2d 1268). Moreover, it would appear to be respondent's bargained-for contractual right to select the same arbitrator to sit on each tribunal considering similar, perhaps even related cases. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Kassal, JJ.

■ In the Matter of JOEL WINOGRAD, a Suspended Attorney. —Respondent's application for reinstatement is granted, and respondent is reinstated as an attorney and counselor-at-law in the State of New York forthwith. Concur—Murphy, P. J., Sullivan, Carro, Kupferman and Ross, JJ.